EXHIBIT A

1   Emmanuel F. Fobi (SBN: 210764)
2   **LAW OFFICE OF EMMNAUEL F. FOBI**
    309 South A Street
3   Oxnard, CA 93030
    Telephone: (805) 240-2655
4   Facsimile : (805) 483-1536
5
6   Attorneys for Plaintiffs
    MICHAEL J. CAPODIECE
7   TERRY L. CAPODIECE
8

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BENITO

. NOV 1 3 2012

**KRISTINA TEDESCO**
BY_____
DEPUTY CLERK

9
10              SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                 IN AND FOR THE COUNTY OF SAN BENITO
12
13  MICHAEL J. CAPODIECE,TERRY L.        Case No.   **CU - 1 2 - 0 0 1 3 5**
14  CAPODIECE
                            Plaintiffs;     COMPLAINT FOR DMANGES
15
16  v.
17  WELLS FARGO BANK, NA SUCCESSOR       1.  NOTORIAL MISCONDUCT
18  BY MERGER TO WELL FARGO BANK         2.  VIOLATIONS OF BUSINESS AND
    SOUTHWEST,NA FKA WACHOVIA                PROFESSIONS CODE SECTION
19  MORTGAGE FAB FKA WORLD                   17200, ET SEQ.;
    SAVINGS BANK FSB; and Does 1-5;      3.  DECLARATORY
20                                           RELIEF/INJUNCTIVE RELIEF;
                            Defendants.   4.  SLANDER OF TITLE;
21                                       5.  STATUTORY VIOLATION OF
22                                           CALIFORNIA CIVIL CODE
                                             SECTIONS 2923.5 and
23                                       6.  CANCELLATION OF
                                             INSTRUMENTS
24
25
26                                       JURY TRIAL DEMANDED
27
28  COMES NOW Plaintiffs who hereby alleges as follows:

Complaint for Damages      - 1

EXHIBIT A to Notice of Removal
Page No. 15

1.   At all times relevant herein, Plaintiffs, MICHAEL J. CAPODIECE, TERRY L.

CAPODIECE ("Plaintiff") is and was a resident of San Benito County, California, and has owned

and resided in the residential property located at 970 Marne Drive, Hollister California 95023.

("Subject Property"). The Subject Property has the legal description of APN#:056-34-0-047more

fully described as: LOT 39, OF CALIFORNIA SUNSET, TRACT NO. 252,UNIT NO.4 FILED

FOR RECORD ON JULY 21,1994  IN BOOK 11 OF MAPS, AT PAGE 76, RECORDER'S

FILE NO. 9407480, SAN BENITO COUNTY RECORDS. ( Hereinafter referred to as "Subject

Property")

2.   At all times relevant to this Complaint, Defendant WELLS FARGO BANK, NA

SUCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA FKA

WOCHOVIA MORTGAGE FSB FKA WORLD SAVINGS BANK FSB ("WELLS FARGO")

is a National Banking Association and does business within the State of California and County of

San Benito.

3.   Plaintiff is ignorant of the true names, capacities, and relationships of all the

defendants sued herein, including DOES 1 through 5 inclusive, and therefore sues all defendants

by fictitious names.  Plaintiff will amend this Complaint to allege the true names, capacities and

relationships of all Defendants, including DOE defendants, when these become known.

4.   Plaintiff alleges upon information and belief that each of the defendants named

herein, including DOES 1 through 5, is responsible in some manner for the occurrences herein

alleged, and that Plaintiff's damages as alleged herein were directly and proximately caused by

said defendants, including DOE Defendants. At all relevant times Defendants ratified the unfair

conduct of the other Defendants, who were acting within the scope of their agency or

Complaint for Damages      - 2

1  employment, by accepting benefits of the transaction with knowledge of the wrongdoing, or

2  otherwise by failure to repudiate the misconduct.

3  ## II.   JURISDICTION AND VENUE

4      5.     This Court has jurisdiction over all causes of action asserted in this Complaint

5

6  because the Subject Property is located within this court's jurisdiction.

7      6.     Venue is proper in the County of Ventura under California Code of Civil

8  Procedure sections 392 and 395 because this action results from foreclosure on real property

9  located in San Benito County.

10  ## III.   FACTUAL ALLEGATIONS

11

12      7.     On or about January 26, 2005 the Plaintiff acting as a consumer executed a

13  Promissory Note in favor of World Savings Bank for $ 429,000.00 for the non-commercial

14  purposes of obtaining the Subject Property.

15      8.     As part of the transaction, the Plaintiff was required to execute a Deed of Trust

16  "DOT") which secured the Subject Property to the repayment obligation in the Promissory Note.

17

18      9.     World Savings Bank was named as the "Lender," and the "beneficiary," and

19  Golden West Savings Association Service Co was named as the Trustee, whom the Plaintiff

20  contractually authorized to hold the legal title to the Subject Property, together with the Power of

21  Sale in the Deed of Trust. A true and correct copy of the Deed of Trust is attached hereto as

22  Exhibit A.

23      10.    On or about March 16, 2010, a document that purports to be a Substitution of

24

25  Trustee(" SOT") dated January 02, 2012 was recorded as Instrument Number 20100316-

26  00040907 with the San Benito County Recorder's office. The document purports to substitute

27

28

Complaint for Damages      - 3

Golden West Savings Association Service Co the original trustee out and NDEX West, LLC in

as the new trustee. Attached hereto as **Exhibit B**

11.     Exhibit B is executed in the following manner:

     "Dated: Jan 02, 2012  (WELLS FARGO)

_____

                    Ric Juarez-Assistant Vice President/Foreclosure Operations Manager

12. The alleged  Substitution of Trustee  was signed by one  Ric Juarez " Vice

     President/Foreclosure Operations Manager" claiming to be an authorized signatory of

     WELLS FARGO. This is a blatant misrepresentation as Ric Juarez  is neither an

     employee nor an officer of  WELLS FARGO but an employee of  NDEX West.

13. Plaintiff alleges that  Ric Juarez  is not a representative of  WELLS FARGO  and there

     was no agent/principal relationship at all between the signatory Ric Juarez  and the stated

     beneficiary/Lender WELLS FARGO.

14.     Plaintiff alleges that, Ric Juarez  does not have the authority to convey the real

     property interest of WELLS FARGO.

15.     Plaintiff alleges that any authority to convey the real property interest of  WELLS

     FARGO  Ric Juarez  may have is not in writing, and the Board of Directors of WELLS

     FARGO did not approve of  Ric Juarez  conveying their respective real property interest.

16.     Below Ric Juarez's  signature was the acknowledgement of  Brooke L. Ewing  along

     with her official  notarial stamp and seal. The acknowledgement is a forgery. Brooke's

     overall look, the length, pen lift, ink blots and criminal tenor of the signature on the  SOT

     is distinctive and grossly deviates from that on the Notary Public  Oath and Certificate of

Complaint for Damages        - 4

Filing on file with the Texas Secretary of State and Notary Public Bond on file with the

Dallas County Recorders' Office. Plaintiff further alleges that the SOT appears forged.

17.    Plaintiff alleges that Brooke L. Ewing notarized a document without properly

ascertaining the identity of the signer (2) allowing another to sign her name as notary on

a document ; and (3) allowing another to use her notary stamp and/or affixing her stamp

to a document with a known false statement.

18.    Plaintiff alleges that the SOT whereby NDEX West. became trustee failed to

comply with certain statutory requirements therefore NDEX West the new trustee was never

lawfully substituted and that Golden West Savings Association Service Co the original Trustee,

is still the lawful, legal and trustee of record on the Plaintiff's Deed of Trust.

19.    Plaintiff alleges that the SOT is invalid because the person executing it on behalf

of WELLS FARGO, Ric Juarez lacked the requisite agency relationship, and the signature of

Brooke L. Ewing is a forgery, thus the SOT is void ab initio along with everything that follows

from it.

20.    On or about December 14, 2011, a document that purports to be a Notice of

Default and Election to Sell Under Deed of Trust ("NOD") was recorded as Instrument Number

20110011440 with the San Benito County Recorders' office . Attached to the NOD was a

declaration of compliance of Civil Code section 2923.5 .Despite this assertions therein no one

from WELLS FARGO- or any other company acting on behalf of WELLS FARGO ever

contacted Plaintiff to assess his financial condition or explore options for avoiding foreclosure.

Attached hereto as **Exhibit C**.

21.    WELLS FARGO did not call, it did not write, and it did not provide a toll-free

HUD number to Plaintiff that might assist him. WELLS FARGO did not offer to meet with

Complaint for Damages    - 5

Plaintiff and did not advise them that Plaintiff had a right to request a subsequent meeting within 14 days.  Plaintiff has resided and continues to reside at the Subject Property. Plaintiff was fully available to meet with WELLS FARGO to explore foreclosure options.

22.    California Civil Code section 2924 and 2924c (b)(1) require that the Notice of Default contain an accurate statement that a breach of the secured obligation has occurred and specification of the nature of the default. Plaintiff alleges that amounts consisting of foreclosure fees and other fees and charges which Defendants have and are demanding from Plaintiff are erroneous and fraudulent, a fact which defendants and each of them knew and should have reasonably known.

23.    Plaintiff alleges that Defendants have falsely states in their notice of default that Plaintiff failed to make timely mortgage payments in the amounts legally due, thereby incurring additional charges and fees. These statements, allegations and insinuations are and were untrue.

24.    In enacting Civil Code Section 2923.5, the California Legislature has found and declared:

It is _essential_ to the economic health of California for the state of ameliorate the deleterious effects on the state economy and local economies and the California housing market that will result from the continued foreclosures of residential properties in unprecedented numbers by modifying the foreclosure process to require mortgagees, beneficiaries, or authorized agents to contact borrowers and explore options that could avoid foreclosures. _These changes in assessing the state's foreclosures process are essential to ensure that the process does not exacerbate the current crisis by adding more foreclosures to the glut of foreclosed properties already on the market when a foreclosure could have been avoided_. Those additional foreclosures will further destabilize the housing market with significant, corresponding deleterious effects on the local and state economy. See

Complaint for Damages     - 6

1    sections 1(d) of Stats,2008 c. 69, (SB 1137)(emphasis added)

2    25. In enacting the statute, the California Legislature has determined that

3    Unnecessary foreclosures can and should be avoided. Further, loan modifications should be

4    offered in an effort to stabilize the current economic crisis:

5    **This Act is necessary to avoid unnecessary foreclosures of residential properties and**

6    **thereby provided stability to California's statewide and regional economies and housing**

7    **market** by requiring early contact and communications between mortgagees, beneficiaries, or

8    authorized agents and specified borrowers to explore options that could avoid foreclosures and

9    by facilitating the modification or restructuring of loans in appropriate circumstances. See

10   sections 1(g) of Stats 2008, c. 69 (SB 1137) (emphasis added)

11

12   26. The California Legislature has also declared the act as an urgency statue;

13   **This act is an urgency statute** necessary for the immediate preservation of the public

14   peace, health or safety within the meaning of Article IV of the Constitution See Section

15   10(a) of Stats 2008 c. 69 (SB 1137) (emphasis added)

16   27.   In recently enacting Civil Code Section 2923.52, The California Legislature has found

17         and declared:

18   It is essential to the economic health of California for the state to ameliorate the deleterious

19   effect that will result from the continued high rate of foreclosures

20   Of residential properties **by modifying the foreclosure process to provide additional**

21   **time for borrowers to work out loan modifications** while providing an exemptions for

22   mortgage loan servicers that have implemented a comprehensive loan modification

23   program. This change in accessing the state's foreclosure process is essential to ensure that

24   the process does not exacerbate the current crisis by adding more foreclosures to the glut of

25   foreclosed properties already on the market **if the foreclosure may be avoided through a**

26   **loan modification**. Those additional foreclosures could further destabilize the housing

27   market with significant, corresponding deleterious effects on the state and local economies,

28   see sections 2(b) Stats 2009-2010, 2nd Ex Sess. C 5 (AB7)(emphasis added).

Complaint for Damages      - 7

28.  As discussed below, foreclosure of the subject property can and should be avoided, Plaintiff seeks declaratory relief from the Court, specifically that Defendants be ordered to comply with Civil Code Section 2923.5 and the Making Home Affordable Program, by offering Plaintiff a loan modification. The legislative intent behind these sections was for lenders and borrowers to communicate and explore options that could **avoid** foreclosure.

29.  Among the protections California Civil Code section 2923.5 affords to a borrower in foreclosure are a mandatory notification, meeting, and consultation process that must be made by the foreclosing lender prior to filing a Notice of Default under California Civil Code section 2924. Specifically, section 2923.5(a)(2) requires a lender to contact the borrower in person or by telephone to <u>assess</u> the borrower's financial situation, to <u>explore</u> options for the borrower to avoid foreclosure, and to <u>inform</u> the borrower of the right to request a subsequent meeting.

30.  Section 2923.5(b) further requires the lender to use due diligence in contacting the borrower as defined in section 2923.5(g) prior to filing a Notice of Default. If the lender has already filed, the Notice must include a declaration from the lender of compliance with section 2923.5, outlining attempts made " with due diligence to contact the borrower."

31.  By failing to keep Plaintiff informed of the loan modification process and attempting to foreclose on Plaintiff's property without exploration of other foreclosure options, Defendants have violated Civil Code  section 2923.5

32.  Plaintiff alleges that Defendant WELLS FARGO has failed to make a good faith effort to contact him to explore options for Plaintiff to avoid foreclosure. The property is owner occupied and Plaintiff has owned and resided at the property since 2005.

33. The tender requirement is also inapplicable since in this case there has been no trustee sale.  Where a trustee sale is void, because the trustee holding the sale is not contractually empowered to hold a sale on a property, then tender is not required to set aside the Trustee's deed after sale because the recordation is legally devoid of merit and good title

1    did not transfer in the first instance. *Bank of America v. LaJolla Group II*, 28 Cal. Rptr.

2    3d 825 (2005). Plaintiff is not alleging failure or improper notice of the foreclosure sale.

3    *Arnolds Management Corp. v. Eischen*, 158 Cal. App.3d 575, 578; 205 Cal.Rptr. 15

4    (1984) and *Abdallah v. United. Sav. Bank* (1996) 43 Cal.App.4th 1101, 1109. Moreover,

5    the court in *Mabry v. Superior Court of Orange County*, (2010) 110 Cal.Rptr.3d 201, 185

6    Cal.App.4th 208), rejected the tender defense in cases where plaintiff alleged denial of

7    rights pursuant to Civ. Code section 2923.5. As stated, plaintiff has stated a sufficient

8    cause of action for violation of Civ. Code section 2923.5.

9    34. On or about On or about December 14, 2011, a document that purports to be a Notice of

10    Trustee's Sale ("NOTS") was recorded as Instrument Number 20110011440 with the San

11    Benito County Recorders' office. Attached hereto as **Exhibit D**

12    35. Plaintiff alleges that Defendant WELLS FARGO, wrongfully and without privilege,

13    have published matters or caused matters to be published that the Ric Juarez has the

14    authority to sign on  behalf of WELLS FARGO and the signature of notary Ewing is

15    genuine which is untrue and disparaging to Plaintiff's interest in the Subject Property.

## FIRST CAUSE OF ACTION

### NOTORIAL MISCONDUCT

(Against Defendant EWING and DOES 1-5)

22    36.    Plaintiff re-alleges and incorporates all preceding paragraphs above, as if fully

23    reproduced herein.

24    37.    Defendant EWING's actions with regard to the SOT constitute the failure to

25    exercise the standard of care required by California Civil Code §8214, et seq.

26

27    38.    Defendant EWING's actions with regard to the SOT further constitute

28    "negligence" within the meaning of California Civil Code §1714.

Complaint for Damages       - 9

39.     DOE Defendant is a surety for Defendant EWING and therefore financially liable for any and all negligence, malfeasance and/or fraud on the part of Defendant EWING in her official capacity as a Notary Public, as evidenced by the Surety Bond filed in the Texas Secretary of State Office on November 15, 20010.

40.     Defendant EWING's actions constitute gross violations of California Civil Code § 1185, California Government Code § 8214.1, et seq., §8201, et seq., §8205, et seq.,.

41.     Plaintiff alleges that Brooke L. Ewing notarized a document without properly ascertaining the identity of the signer; allowed another to sign her name as notary on a document ; and (3) allowed another to use her notary stamp and/or affixing her stamp to a document with a known false statement.

42.     Plaintiff alleges that Defendants EWING's and/or Doe # 1-5's actions were in willful disregard for Plaintiff' right, title and interest in the Subject Property, intentional, fraudulent, malicious, oppressive and burdensome and deserving the imposition of punitive damages in an amount sufficient that such conduct will not be repeated.

43.     As a result of Defendants EWING and/or Doe # 1-5's actions as alleged in this cause, the Plaintiff has suffered injury and the threat of losing her property.  The Plaintiff has incurred and continues to incur legal fees, including attorney fees and costs, as well as expenses to right Defendants wrongdoing.

44.     As a further direct and proximate result of the aforementioned wrongful conduct of Defendants, the Plaintiff has suffered anxiety, worry, mental, physical and emotional distress, and other incidental and consequential damages and expenses in an amount which will be proven at the time of trial.

EXHIBIT A to Notice of Removal
Page No. 24

45.     As a result of Defendants actions as alleged in this cause, the Plaintiff has suffered damage to her credit history and credit rating, which severely impacts their ability obtain another loan for another home, or for any other purchase for that matter, suffered mental and emotional damages, actual financial damages, and facing the constant threat of losing her property.

46.     Said damages were reasonably foreseeable by Defendant EWING, and she had a duty to use ordinary care in conducting their official activities as Notaries Public to avoid the harm which might reasonably be anticipated.

47.     As a proximate result of the aforesaid breach, Defendant are liable to Plaintiff for actual and compensatory damages according to proof.

## SECOND CAUSE OF ACTION

### Violation of California Business & Professions Code § 17200

(Against All Defendants)

48.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully reproduced herein.

49.     Plaintiff is informed, believes, and thereon alleges that Defendants have committed acts of unfair competition as defined by Business and Professions Code § 17200.

50.     Defendant EWING's actions as described in this Complaint constitute gross violations of California Civil Code §1185 California Government Code § 8214.1, et seq., §8201, et seq., §8205, et seq. and in violating said statutes, her acts further constitute gross violations of California Business and Professions Code § 17200.

EXHIBIT A to Notice of Removal
Page No. 25

51.     Plaintiff is informed, believes, and thereon alleges that in committing these acts of unfair competition, Defendants acted in both their individual capacity and as agents, assigns, or co-conspirators of each other.

52.     Plaintiff is further informed, believes, and thereon alleges that WELLS FARGO, EWING and Defendant Doe 1 have likewise committed acts of unfair competition as defined by Business and Professions Code 17200 in failing to comply with consumer statutory protections under Civil Code sections 2924 et seq., and California Civil Code section 2923.5 among other laws.

53.     On further information and belief, beginning in March 2010 and continuing to present, Defendants WELLS FARGO, EWING and Doe 1's acts and/or omissions constitute unlawful policies and practices in violation of Business and Professions Code section 17200. These activities include the following:

a.     Lack of standing to foreclosure;

b.     Failing to contact homeowner to explore options to prevent foreclosure;

c.     Instituting improper or premature proceedings to generate unwarranted fees;

d.     Substituting the Trustee on a Deed of Trust without the contractual or legal authority to do so;

e.     Recording or causing to be recorded false and fraudulent documents which affect real property in violation of Cal. Penal Code section 532f(a)(4).

54.     Plaintiff is informed, believes, and thereon alleges that Defendant's conduct threatens further violations of consumer law and significantly harms competition. Similarly, Defendants WELLS FARGO, EWING and Doe 1to 5's failure to comply with statutory

EXHIBIT A to Notice of Removal
Page No. 26

1  provisions that protect property owners from wrongful foreclosure, fraud, fraudulent interference

2  with their contractual and basic property rights threatens further violations of consumer law.

3      55.    On information and belief, such practices are likely to mislead the general public

4  and wrongfully deprive the public and the Plaintiff of their property. Defendants' practices

5  therefore constitute a fraudulent and unlawful business or practice under Business and

6  

7  Professions Code section 17200. Other consumers, such as Plaintiff, may lose real property as a

8  consequence of Defendants' unlawful business practices, and thus have no adequate remedy at

9  law.

10     56.    As a direct and proximate result of the wrongful foreclosure, Plaintiff has suffered

11  

12  equitable harm for which legal damages are insufficient, and declaratory and injunctive relief are

13  therefore warranted, suffered injury in fact and has lost money.

14              <u>THIRD CAUSE OF ACTION</u>

15            **Declaratory Relief and Injunctive Relief**

16  

17             (Against All Defendants)

18     57.    Plaintiff re-alleges and incorporates by reference all preceding paragraphs as

19  though fully set forth herein.

20  

21  58. To properly state a declaratory relief claim Plaintiff only needs to allege the existence of

22      an actual controversy requiring such relief and is not required to establish entitlement to a

23      favorable judgment. See *Ludgate Ins. Co. v. Lockheed Martin Corp.* (2000) 82

24      Cal.App.4th 592, 606 (**actual controversy allegation accepted as true for demurer**

25      **purposes**).

26  59. As discussed more fully below, there are strong grounds to support Plaintiff's instant

27      contention that there is an actual controversy about Defendants compliance with Civil

28      Code 2923.5 and violation of Cal. Civil Code section 3412, Defendants' standing to

Complaint for Damages       - 13

foreclose due to forgery, failed Substitution of Trustee's and other fatal flaws in the chain of title caused by the process that was used when Defendants tried to substitute the trustee.

60.   Based on the aforesaid "actual controversy" over Defendants' standing to foreclose and collect money on Plaintiff's note, a judicial declaration is necessary and appropriate at this time and in these circumstances so that Plaintiff and Defendants may ascertain their respective rights and duties under the Note and Deed of Trust, if any.

61.   The parties desire a judicial determine that they may ascertain their respective right, title and interest in the Subject Property.

62.   A judicial determination is necessary to legally sort out the parties right, title and interest in the Subject Property, Defendant Ewing's compliance or non-compliance with California Government Code § 8200, et seq., California Civil Code §§ 1184. California Civil Code 2924, et seq., through her actions in acknowledging the SOT on February 26, 2010, and a plethora of other statutory, regulatory, legal contractual and administrative restrictions.

63.   The Plaintiff alleges that Defendants WELLS FARGO, EWING, and Doe # 1 through 5, as a regular and ongoing part of the business of the Defendants, use and/or work for and/or consist of document foreclosure mills wherein individuals not actually empowered to execute documents in the capacity stated do just that, thousands of times a day, with the notaries, Defendants EWING or Doe # 1 through 5 having so many documents to notarize, they do not even pay attention to the form of the signature, let alone the individual whose signature they acknowledged or even the content of the written statements above the acknowledgement.

64.   Plaintiff is informed and believes and thereon alleges that the "Trustee" was therefore never lawfully substituted, and that Golden West Savings Association Service Co the original Trustee, is still the lawful, legal, and of record Trustee on the Plaintiff's Deed of Trust.

Complaint for Damages        - 14

EXHIBIT A to Notice of Removal
Page No. 28

65.     Plaintiff expressly request Declaratory relief based on the fraudulent substitution of trustee and the false, fraudulent, misrepresenting and concealing actions of the defendants.

## FOURTH CAUSE OF ACTION

### SLANDER OF TITLE

### (Against All Defendants)

66.     Plaintiffs incorporate Paragraphs 1 through 64 of the allegations as though such have been fully set forth herein.

67.     Plaintiff alleges that on or about, February 26, 2010, Defendants, and each of them, in some measure actively, directly, indirectly, openly and secretly contributed to the preparation of the SOT and the recordation of said Instrument in the Official Records of the Office of the County Recorder of  San Benito County.

68.     Plaintiff alleges that the recordation of the SOT document by Defendants and each of them, rendered Plaintiffs' title to the Subject Property as unmarketable.

69.     Plaintiff alleges that Defendants, and each of them, recorded the SOT documents without privilege, knowledge and/or consent of Plaintiffs, the information contained in said SOT are false in that no lawful conveyance ever existed between the parties thereto, and said SOT, when recorded published the information therein which disparaged Plaintiffs' title as would lead a reasonable man to falsely assume that Defendants, and each of them, in some measure actually had the right to execute the document and was notarized properly whereas, some of the information contained in the SOT is false.

70.     A true and correct copy of the "SOT" is attached hereto as Exhibit B., and incorporated herein by this specific reference.

Complaint for Damages       - 15

EXHIBIT A to Notice of Removal
Page No. 29

71.     Plaintiff alleges that the slander of the Subject Properties title was intentional, fraudulent, malicious, oppressive and burdensome and deserving the imposition of punitive damages in an amount sufficient that such conduct will not be repeated.

72.     As a proximate result of the aforesaid slander of title, Defendants are liable to Plaintiff for actual and compensatory damages, attorneys' fees and cost but in an amount of according to proof at trial.

<u>FIFTH CAUSE OF ACTION</u>

(Violations of California Civil Code section 2923.5)

**(Against WELLS FARGO)**

73.     Plaintiff incorporates all preceding paragraphs as though fully set forth herein.

74.     Plaintiff is informed and belief and thereon allege that their Deed of Trust is subject to the provisions of California Civil Code section 2923.5 having being acquired after January 1,2003 and before December 31, 2007.Pursuant to California Civil Code section 2923.5(a):

75.     [A] mortgage, trustee, beneficiary, or authorized agent may not file a notice of default on an owner's principal residence for loans between January 1, 2003 and December 31, 2007 pursuant to civil Code section 2924 until 30 days after contact is made as required by section 2923.5(a)(2) or 30 days after satisfying the due diligence requirements as described in subdivision (g)

76.     Plaintiff is informed and belief and thereon allege that Defendant WELLS FARGO is subject to the provisions of said California Civil Code section 2923.5.

77.     The relevant portions of California Civil Code section 2923.5, subsection (a)2 requires " a mortgagee, trustee, beneficiary or authorized agent" to contact "the borrower… in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure."

78.   Plaintiff is informed and belief and thereon allege that these Defendants and each of them, failed to comply with California Civil code section 2923.5, subsection(a)2 in that they did not contact "in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Filing a notice of sale pursuant to section 2924(f) after having filed the notice of default prior to the enactment of this section, without also included a declaration that either:(1) states that the borrower was contacted to assess the borrower's financial situation and to explore options for the borrower to avoid foreclosure. (2) lists the efforts made, if any to contact the borrower in the event no contact was made, in violation of section 2923.5 (a)(2)(c). Defendant WELLS FARGO has failed to make a good faith attempt to notify Plaintiff of any other foreclosure prevention options, nor were any of these foreclosure options considered and exhausted prior to the foreclosure sale of Plaintiff's property.

79.   Pursuant to California Civil Code section 2923.5(c) , as part of the filing of the Notice of sale, the lender is also required to file a declaration attesting to compliance with the due diligence requirements. As of the filing of this complaint, defendant WELLS FARGO have violated section 2923.5 by failing to contact the borrower in person or by telephone in order to assess the borrowers' financial situation and explore options for the borrower to avoid foreclosure. Attached to the Notice of Default was a boilerplate declaration of compliance with Civil Code section 2923.5. Despite the assertions therein, no one from WELLS FARGO-or any other company acting on behalf of WELLS FARGO-ever contacted Plaintiff to assess his financial condition or explore options for avoiding foreclosure. Plaintiff initiated the contact.

80. Alternatively, Plaintiff request special damages for violation of the statute and wrongful foreclosure in an amount underdetermined at this time but in no less than the minimum jurisdiction of this Court, to be proven at time of trial; in addition

81.  Plaintiff request general damages for violation of statute and wrongful foreclosure in an amount underdetermined at this time, but in no event less than the minimum jurisdiction

1   of this Court, to be proven at time of trial.

2

3   ### SIXTH CAUSE OF ACTION

4   ### CANCELLATION OF INSTRUMENTS

5   [ AS AGAINST WELLS FARGO]

6   82. Plaintiffs repeat, re-allege, and incorporate by reference paragraphs 1 through 81,

7   hereinabove, as though fully set forth herein.

8   83.   Because of the numerous violations of California law as outlined hereinabove, the

9   Notice of Trustee's Sale upon which Defendants currently base their title to the Subject Property

10   is defective beyond rehabilitation. Accordingly, Plaintiff seeks a court order vacating and setting

11   aside the Notice of Trustee's Sale in question.

12

13   83.   On August 04, 2010, a document that purports to be a Substitution of Trustee

14   ("SOT") dated July 23, 2010 was recorded as instrument Number 2010-085423 with the San

15   Benito County Recorders' office. The document purports to substitute Golden West Savings

16   Association Service Co the original trustee out and NDEX West in as the new trustee. Attached

17   hereto as **Exhibit B**

18

19   84.   The alleged SOT was signed by Ric Juarez, " Assistant Vice President/

20   Foreclosure Operations Manager" claiming to be an authorized signatory of  Wells Fargo Bank,

21   National Association . This is a blatant misrepresentation as Ric Juarez is neither an employee

22   nor an officer of Wells Fargo Bank, National Association.

23   85.   Plaintiff alleges that Ric Juarez  is not a representative of  Wells Fargo Bank,

24   National Association  and there was no agent/principal relationship at all between the signatory

25   Paula Franklin  and the stated beneficiary  Wells Fargo Bank, National Association..

26

27

28

Complaint for Damages      - 18

86.    Plaintiff is informed and believes and thereon alleges that the "Trustee" was therefore never lawfully substituted, and that Golden West Savings Association Service Co the original Trustee, is still the lawful, legal and Trustee of record on the Plaintiff's Deed of Trust.

87.    Below Ric Juarez's signature was the acknowledgement of Brook L. Ewing along with her official notarial stamp and seal. The acknowledgement is a forgery. Brook L. Ewings' overall look, the length, pen lift, ink blots and criminal tenor of the signature on the SOT is distinctive and grossly deviates from that on the Notary Public Application for Appointment on file with the Texas Secretary of State. Plaintiff further alleges that the SOT appears forged and irregular on its face.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs prays for the following:

1. For an Order cancelling Instrument No. 2010031600040907 which was recorded on March 16, 2010 in Office of the Country Recorder of the County of San Benito pursuant to Cal Civ. Code section 3412.

2. For a declaration that the Substitution of Trustee is void

3. For general and special damages according to proof as alleged and according to law;

4. For punitive damages according to proof as alleged and where specifically applicable according to law;

5. For a declaration that Plaintiff Michael J. Capodiece and Terry L. Capodiece is the prevailing party.

6. For attorney's fees and costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

Complaint for Damages      - 19

EXHIBIT A to Notice of Removal
Page No. 33

1    DATED: November 1, 2012.

2

3                    By: _____

                     EMMANUEL F. FOBI

4                      Attorneys for Plaintiffs

                     MICHAEL J. CAPODIECE

5                      TERRY L. CAPODIECE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Complaint for Damages**    - 20

1

## VERIFICATION

2

3       I, Michael J. Capodiece  am the Plaintiff in the above entitled action.  I have read the

4  foregoing  Complaint and know the contents thereof.  The same is true of my own knowledge,

5  expect as to those matters which are therein alleged on information and belief, and as to those

6  matters, I believe it to be true.

7       I declare under penalty of perjury, under the laws of the State of California, that the

8
   foregoing true and correct and that this declaration was executed in the County of  San Benito.
9

10 State of California.

11

12 Dated: November 2 , 2012.          By:

13                                        Michael J. Capodiece

14

15

16

17      ## VERIFICATION

18       I, Terry L. Capodiece, am the Plaintiff in the above entitled action.  I have read the

19 foregoing  Complaint and know the contents thereof.  The same is true of my own knowledge,

20 expect as to those matters which are therein alleged on information and belief, and as to those

21 matters, I believe it to be true.

22       I declare under penalty of perjury, under the laws of the State of California, that the

23 foregoing true and correct and that this declaration was executed in the County of San Benito,

24 State of California.

25

26

27 Dated: November 2, 2012.          By

28                                        Terry L. Capodiece