Christopher A. Carr (#44444)
ccarr@afrct.com
Tim G. Ceperley (#112827)
tceperley@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, National Association an FDIC insured corporation")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

MICHAEL J. CAPODIECE, TERRY L. CAPODIECE,

Plaintiffs,

v.

WELLS FARGO BANK, SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA FKA WACHOVIA MORTGAGE FAB FKA WORLD SAVINGS BANK FSB; and Does 1-5;

Defendants.

CASE NO.: 5:13-CV-00032-HRL

[The Honorable Howard R. Lloyd]

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

Date: February 19, 2013
Time: 10:00 a.m.
Ctrm: 2, 5th Floor

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on February 19, 2013 at 10:00 a.m. in Courtroom 2, 5th Floor of the above-captioned court, located at 280 South 1st Street, San Jose, California 95113, the Honorable Howard R. Lloyd presiding, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., formerly known as Wachovia Mortgage,

FSB, formerly known as World Savings Bank, FSB ("Wells Fargo") will move to dismiss plaintiff's Complaint.

Grounds for the motion, brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, are as follows:

1. Second Cause of Action: Violation of Business and Professions Code Section 17200

Plaintiffs fail to state a claim for violation of Bus. & Prof. Section 17200 because: (i) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted; and (ii) plaintiffs have no standing to bring the claim.

2. Third Cause of Action: Declaratory Relief/Injunctive Relief

Plaintiffs fail to state a claim for either declaratory or injunctive relief because the complaint fails to allege facts sufficient to support a claim upon which the requested relief can be granted.

3. Fourth Cause of Action: Slander of Title

Plaintiffs fail to state a claim for slander of title because the complaint fails to allege facts sufficient to support a claim upon which relief can be granted.

4. Fifth Cause of Action: Statutory Violation of Civil Code § 2925.5

Plaintiffs fail to state a claim for violations of Civil Code § 2923.5 because: (i) the complaint fails to allege facts sufficient to state a claim upon which relief can be granted; and (ii) the claim is preempted by the Home Owner's Loan Act ("HOLA");

5. Sixth Cause of Action: Cancellation of Instruments

Plaintiffs fail to state a claim for cancellation of instruments because the complaint fails to allege facts sufficient to support a claim upon which the requested relief can be granted.

/ / /

/ / /

/ / /

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

The motion is based on this notice, the memorandum of points and authorities, the request for judicial notice and its exhibits, plaintiff's complaint, and on Wells Fargo's argument at the hearing on this motion.

Respectfully submitted,

Dated: January 10, 2012

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: *__/s/ Tim G. Ceperley__*
Tim G. Ceperley
tceperley@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, National Association an FDIC insured corporation")

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES ..... 1

1. INTRODUCTION ..... 1

2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS ..... 1

   A. THE LOAN ..... 1

   B. PLAINTIFFS' DEFAULT AND THE FORECLOSURE ..... 2

   C. THE COMPLAINT ..... 2

3. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR VIOLATIONS OF BUSINESS & PROFESSIONS CODE 17200 ..... 3

   A. NO UNLAWFUL PRACTICES HAVE BEEN ALLEGED ..... 3

   B. PLAINTIFFS LACK STANDING TO MAKE THE CLAIM ..... 4

4. PLAINTIFFS HAVE NOT ALLEGED ANY FACTS WHICH JUSTIFY EITHER DECLARATORY OR INJUNCTIVE RELIEF ..... 5

   A. THERE IS NO ACTUAL CONTROVERSY WHICH JUSTIFIES DECLARATORY RELIEF ..... 5

   B. THERE IS NO BASIS FOR AN INJUNCTION ..... 6

5. PLAINTIFFS ALLEGE NO FACTS REFLECTING SLANDER OF TITLE ..... 7

6. PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER CIVIL CODE § 2923.5 ..... 7

   A. NO FACTS ARE ALLEGED WHICH CONSTITUTE A VIOLATION ..... 7

   B. PLAINTIFFS' CLAIMS PURSUANT TO CIVIL CODE § 2923.5 ARE PREEMPTED ..... 8

7. PLAINTIFFS HAVE ALLEGED NO FACTS WHICH JUSTIFY THE CANCELLATION OF ANY INSTRUMENT ..... 10

8. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*American States Ins. Co. v. Kearns*,
15 F.3d 142 (9th Cir. 1993) .......... 5

*DeLeon v. Wells Fargo Bank, N.A.*,
729 F. Supp. 2d 1119 (N.D. Cal. 2010) .......... 9

*Giordano v. Wachovia Mortg., FSB*,
2010 WL 5148428 (N.D. Cal. Dec. 14, 2010) .......... 10

*Juarez v. Wells Fargo Bank, N.A.*,
No. CV 09-3104, 2009 U.S. Dist. LEXIS 110892, 2009 WL 3806325 (C.D.Cal Nov. 11, 2009) .......... 8

*Kamp v. Aurora Loan Servs.*,
No. CV 09-00844, 2009 U.S. Dist. LEXIS 95245, 2009 WL 3177636 (C.D.Cal. Oct. 1, 2009) .......... 8

*Murillo v. Aurora Loan Servs., LLC,*
2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009) .......... 9, 10

*Odinma v. Aurora Loan Servs.*,
2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010) .......... 10

*Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*,
749 F. Supp. 2d 1022 (N.D. Cal. 2010) .......... 10

*Principal Life Insurance Co. v. Robinson*,
394 F.3d 665 (9th Cir. 2005) .......... 5

*Silvas v. E*Trade Mortg. Corp*,
514 F.3d 1001 (9th Cir. 2008) .......... 9

*Taguinod v. World Savings Bank*,
2010 U.S. Dist. LEXIS 127677 (C.D. Cal. 2010) .......... 10

*Tina v. Countrywide Home Loans, Inc.*,
2008 U.S. Dist. LEXIS 88302 (S.D. Cal. Oct. 30, 2008) .......... 5

*Wickland Oil Terminals v. Asarco, Inc.*,
792 F.2d 887 (9th Cir. 1986) .......... 5

*Winter v. National Resources Defense Council Inc.*,
129 S. Ct. 365 (2008) .......... 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Zlotnik v U.S. Bancorp, et al.*, 2009 U.S. Dist. LEXIS 119857 (N.D. Cal. Dec. 22, 2009) .... 8

**STATE CASES**

*Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101 (1996) .... 6

*Camp v. Board of Supervisors*, 123 Cal. App. 3d 334 (1981) .... 6

*Daro v. Superior Court*, 151 Cal. App. 4th 1079 (2007) .... 4

*FPCI Re-Hab 01 v. E & G Invs.*, 207 Cal. App. 3d 1018 (1989) .... 6

*Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154 (1988) .... 6

*Gavina v. Smith*, 25 Cal. 2d 501 (1944) .... 6

*Hironymous v. Hiatt*, 52 Cal. App. 727,731 (1921) .... 11

*Karlsen v. American Savings & Loan Ass'n*, 15 Cal. App. 3d 112 (1971) .... 6

*Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612 (1993) .... 3

*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134 (2003) .... 3

*Lopez v. World Savings & Loan Ass'n*, 105 Cal. App. 4th 729 (2003) .... 9

*Mabry v Superior Court*, 185 Cal. App. 4th 208 (2010) .... 8, 9, 10

*Maudlin v. Pacific Decision Sciences Corp.*, 137 Cal. App. 4th 1001 (2006) .... 3

*Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583 (2008) .... 4

*Sipe v. McKenna*, 88 Cal. App. 2d 1001 (1948) .... 6

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Stevenson v. Baum*,
65 Cal. App. 4th 159 (1998) .......... 11

*Truck Ins. Exch. v. Bennett*,
53 Cal. App. 4th 75 (1997) .......... 7

**FEDERAL STATUTES**

12 U.S.C. § 1461, *et seq*. .......... 8

28 U.S.C. § 2201 .......... 5

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 .......... 3, 4, 5

Cal. Bus. & Prof. Code § 17204 .......... 4

Cal. Civ. Code § 40 .......... 11

Cal. Civ. Code § 1569 .......... 11

Cal. Civ. Code § 1575 .......... 11

Cal. Civ. Code § 2923.5 .......... passim

Cal. Civ. Code § 2923.5(b) .......... 4

Cal. Civ. Code § 2923.5(h)(1) .......... 4, 7

Cal. Civ. Code § 2923.5(h)(3) .......... 8

Cal. Civ. Code § 3412 .......... 10, 11

Cal. Civ. Code § 3413 .......... 11

**REGULATIONS**

12 C.F.R. § 545.2 .......... 9

12 C.F.R. § 560.2 .......... 9

12 C.F.R. § 560.2(b) .......... 9

12 C.F.R. § 560.2(b)(10) .......... 9, 10

61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) .......... 9

**CONSTITUTIONAL PROVISIONS**

U.S. Const. art. III .......... 5

Case5:13-cv-00032-HRL Document6 Filed01/10/13 Page8 of 20

**OTHER AUTHORITIES**

Witkin, *Summary of Cal. Law, Corporations* (10th ed. 2005) .................................................... 3

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

93000/FR0744/00556011-1

iv

CASE NO.: 5:13-cv-00032-HRL
TABLE OF AUTHORITIES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1. INTRODUCTION**

This action concerns the real property located at 970 Marne Drive Hollister, California 95023 (the "Property"). The Property is security for a loan made by defendant Wells Fargo Bank N.A.'s ("Wells Fargo") predecessor in interest, World Savings Bank, FSB ("World Savings"), to Michael and Terry Capodiece ("plaintiffs") in 2005. Plaintiffs have defaulted on the loan, and as a result, Wells Fargo has commenced non-judicial foreclosure proceedings against the Property. In response, plaintiffs have brought this action seeking both damages as well as equitable relief based on alleged defects in the foreclosure process concerning the standing of the trustee NDEX West LLC ("NDEX") and the alleged failure of Wells Fargo to comply with Civil Code § 2923.5.

This action was originally filed in state court on November 13, 2012. Defendant, Wells Fargo, removed the case to this court on the basis of diversity of citizenship on January 3, 2013. The evidence shows that plaintiffs have raised no issue concerning any procedural irregularity in the foreclosure process. In addition, the claims based on Civil Code § 2923.5 are preempted by the Home Owner's Loan Act ("HOLA").

For these and all of the reasons set forth below, Wells Fargo respectfully requests that the Court grant its motion to dismiss, with prejudice.

**2. SUMMARY OF THE COMPLAINT AND JUDICIALLY NOTICEABLE FACTS**

**A. The Loan**

Plaintiffs borrowed $429,000.00 from World Savings on January 19, 2005. The loan was documented by a written Adjustable Rate Note (the "note") and secured by a deed of trust on the Property. (Copies of the note and deed of trust are attached to Wells Fargo's Request for Judicial Notice ("RJN") as Exhibits A & B, respectively.) The original trustee was Golden West Savings Association Service Company ("Golden West"). NDEX was substituted in place of Golden West in January of 2012. Plaintiffs later acquired an equity line of credit from World Savings in January of 2007; however, that loan is not material to the issues raised in the complaint.

In December 2007, World Savings changed its name to Wachovia Mortgage, FSB. It

changed its name again to Wells Fargo Bank Southwest, N.A. before merging into Wells Fargo Bank, N.A. in November 2009 ("Wells Fargo"). (RJN, Exhs. C, D, E and F are copies of the letters and certificates issued or signed by the Office of Thrift Supervision (the "OTS") or Comptroller of the Currency acknowledging the original federal savings bank charter, authorizing the name change, and approving the merger; RJN, Exh. G is an FDIC printout providing the history of World Savings.)

**B. Plaintiffs' Default and the Foreclosure**

Plaintiffs defaulted on the loan beginning on July 15, 2009 and a Notice of Default was recorded with the San Benito County Recorder's office on December 14, 2011. (RJN, Ex. H.) The Notice of Default reflects that, as of that time, the arrearage was $74,231.00. Attached to the Notice is the declaration of Jim Loney, Vice President Loan Documentation, certifying that Wells Fargo was not required to contact the borrower because they had surrendered the Property. A Notice of Trustee's Sale was recorded on March 13, 2012. (RJN, Ex. I.) The Notice set the sale on January 18, 2012 and provided that the total amount due on the note was $526,039.33. (*Id.*) The sale date was continued and, on April 16, 2012, plaintiff, Michael Capodiece filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code. (RJN, Ex. J) The bankruptcy is still pending.

**C. The Complaint**

The complaint is framed in six causes of action, only the last five of which are made against Wells Fargo. The causes of action are preceded by an extensive set of factual allegations. In that portion of the pleading the plaintiffs admit the loan as well as the note and deed of trust. (Comp. ¶¶ 7 and 8) The facts recite that the Substitution of Trustee dated January 2, 2012 was improperly signed by a Ric Juarez and was not properly acknowledged by notary, Brooke Ewing, because Mr. Juarez was not an authorized agent of Wells Fargo and the signature was a forgery. (Comp. ¶¶ 13-16) The pleading acknowledges the recording of the Notice of Default but asserts that it is invalid both because the NDEX was not properly substituted as trustee and because the plaintiffs were not contacted to assess their financial condition as required by Civil Code § 2923.5 (Comp. ¶¶ 19-20). The plaintiffs also allege that the Notice of Default is defective in

other respects in that it improperly includes amounts consisting of foreclosure fees and other charges. (Comp. ¶ 22) Neither the factual allegations nor any of the individual claims ever say what charges and fees were improper. Plaintiffs also assert, apparently in anticipation of an affirmative defense, that a tender of their indebtedness is not required because the trustee is not legally empowered to conduct a sale and the requirement of a tender does not apply where non-compliance with Civil Code § 2923.5 is alleged. (Comp. ¶ 33) Each of the five causes that are asserted against Wells Fargo are based on the foregoing assertions. For the reasons given in the points to follow they are not sufficient to support any of the claims made.

## 3. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION FOR VIOLATIONS OF BUSINESS & PROFESSIONS CODE 17200

### A. No Unlawful Practices Have Been Alleged

A claim under Business & Professions Code § 17200 (the "UCL") requires an allegation of particular facts showing ongoing unlawful, unfair, and fraudulent business acts on the part of the defendant. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003). A plaintiff alleging unfair business practices under the UCL "must state with reasonable particularity the facts supporting the statutory elements of the violation." *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619 (1993). Each of these three "prongs" is a separate claim and, a complaint must provide facts to describe the manner in which the conduct was unlawful, unfair or fraudulent. *Id.* In this case, plaintiff is alleging only unlawful conduct based on five alleged types of unlawful conduct. (Comp. ¶ 53(a)-(e)). A review of each reveals that none can support this claim:

(i) Lack of Standing to Foreclose: The documents included within the defendant's RJN establish that Wells Fargo is the successor by merger to World Savings and has succeeded to all rights and obligations pertaining to the loan. Witkin, *Summary of Cal. Law, Corporations* § 198 (10th ed. 2005); *Maudlin v. Pacific Decision Sciences Corp.*, 137 Cal. App. 4th 1001, 1009-1010 (2006) (contract rights of acquired entity are unchanged by merger).

(ii) Failing to contact homeowners to explore options to foreclosure: The only law dealing with this issue is Civil Code § 2923.5. That statute does not require actual contact in all

cases. The statue is satisfied where efforts meeting the statute's due diligence standards to make contact have been met. Civil Code 2923.5 (b)) Further the statue does not apply in a number of situations including where, as here, the borrower has communicated their intention to abandon the subject property. Civil Code § 2923.5(h)(1) (RJN Ex. H, declaration of James Loney)

(iii) Initiating improper or premature proceedings: The pleading offer no explanation as to what is meant by this allegation. Assuming that it refers to the alleged non-compliance with Civil Code § 2923.5 it cannot support a claim for the reasons just stated.

(iv) Substituting the trustee on a deed of trust without the contractual or legal authority to do so: The claim is that the substitution is signed by a Ric Suarez and that this individual did not have Wells Fargo's authority to do so. The Substitution of Trustee is signed by Mr. Suarez as a Vice President of NDEX which is acting as the attorney in fact of Wells fargo. (Comp., Ex. B) There is no provision in California law concerning non-judicial foreclosure which precludes this procedure.

(v) Recording false and fraudulent documents: The facts are undisputed that plaintiffs have been in default on the loan for well in excess of three years and, as a result, non-judicial foreclosure against the Property has begun. All of the documents referred by the complaint reflect the proper exercise of the lender's right to have the Property sold as a result of the default.

Because the plaintiffs have failed to identify any unlawful conduct and further because the allegations lack specificity the claim fails.

**B. <u>Plaintiffs Lack Standing to Make the Claim</u>**

Plaintiffs' claim also fails for a lack of standing. Business & Professions Code § 17204 provides that a private person has standing to sue under the UCL only if that person has suffered injury and lost money or property as a result of unfair competition. Thus, a private person has no standing under the UCL unless that person can establish that the injury suffered and the loss of property or money resulted from conduct that fits within one of the categories of 'unfair competition' in section 17200." *Daro v. Superior Court*, 151 Cal. App. 4th 1079, 1098 (2007); *see also*, *Peterson v. Cellco P'ship*, 164 Cal. App. 4th 1583, 1590 (2008) ("A private plaintiff

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

must make a twofold showing: he or she must demonstrate injury in fact and a loss of money or property caused by unfair competition.”).

Here, plaintiffs have not alleged an injury in fact or a loss of money or property caused by Wells Fargo’s conduct in violation of Section 17200. Plaintiffs home has not yet been sold and the pleading is devoid of any averment that they have lost money. The fact that the property is in foreclosure is a consequence of plaintiffs undisputed default of their obligations under the note and deed of trust not of any act or omission on the part of Wells Fargo.

**4. PLAINTIFFS HAVE NOT ALLEGED ANY FACTS WHICH JUSTIFY EITHER DECLARATORY OR INJUNCTIVE RELIEF**

**A. There Is No Actual Controversy Which Justifies Declaratory Relief**

The Declaratory Judgment Act (DJA) permits a federal court to "declare the rights and other legal relations" of parties to a case of actual controversy. 28 U.S.C. § 2201; *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986). The "actual controversy" requirement of the DJA is the same as the "case or controversy" requirement of Article III of the United States Constitution. *American States Ins. Co. v. Kearns,* 15 F.3d 142, 143 (9th Cir. 1993). Under the DJA, a two-part test is necessary to determine whether a declaratory judgment is appropriate. *Principal Life Insurance Co. v. Robinson,* 394 F.3d 665, 669 (9th Cir. 2005). First, the court must determine if there exists an actual case or controversy within the court's jurisdiction. *Id.* Second, if so, the court must decide whether to exercise its jurisdiction. *Id.* In the latter regard, where the matter to be declared is the subject of other claims in the Complaint. “[T[he federal court may decline to address a claim for declaratory relief ‘[w]here the substantive suit would resolve the issue raised by declaratory judgment action, … because the controversy has ‘ripened’ and the uncertainty and anticipation of litigation are alleviated.” *Tina v. Countrywide Home Loans, Inc.*, 2008 U.S. Dist. LEXIS 88302, p. 6 (S.D. Cal. Oct. 30, 2008)(citing *Tempco Elec. Heater Cor. v. Omega Eng’g, Inc.* 819 F.2d 746, 749 (7th Cir. 1987)).

In this case, the cause of action is a disorganized jumble of allegations which appear to relate to: defendant’s compliance with Civil Code § 2923.5; and whether the defendant has

standing to foreclose due to the flawed substitution of trustee. (Comp. ¶ 59) As to the standing issue, for the reasons just given, there is no legitimate question concerning Wells Fargo's standing as the successor by merger to World Savings. Further there is nothing defective about the Substitution of Trustee. The claim is also duplicative of each of the complaint's other causes of action.

**B. <u>There Is No Basis For An Injunction</u>**

Injunctive relief is not a cause of action but is rather a remedy. *Camp v. Board of Supervisors*, 123 Cal. App. 3d 334, 356 (1981) In order to be eligible for this form of relief the plaintiffs must demonstrate at least some probability of prevailing on the merits. *Winter v. National Resources Defense Council Inc.*, 129 S. Ct. 365, 374 (2008) As discussed above, the plaintiffs' claims that Wells Fargo has no standing to foreclose on the Property are all plainly unsupportable. The pleading states no independent grounds for an injunction and because the claims on which that relief would be based are facially invalid the cause of action must fail.

Further, it has long been a principle of California law that in order to be entitled to any form of equitable relief as against a lender the borrower must have made a valid tender of their indebtedness. To enjoin a foreclosure sale, or obtain any equitable relief for that matter, a debtor must make a valid and viable tender of their full outstanding indebtedness. *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996) (the tender requirement applies "to any cause of action for irregularity in the sale procedure."); *FPCI Re-Hab 01 v. E & G Invs.*, 207 Cal. App. 3d 1018, 1021 (1989); *Gaffney v. Downey Sav. & Loan*, 200 Cal. App. 3d 1154, 1165 (1988) (tender of full debt is a prerequisite to enjoining a foreclosure); *Karlsen v. American Savings & Loan Ass'n*, 15 Cal. App. 3d 112, 117 (1971); *Gavina v. Smith*, 25 Cal. 2d 501, 505-506 (1944); *Sipe v. McKenna*, 88 Cal. App. 2d 1001, 1006 (1948) (full tender is a precondition to injunctive relief and quiet title). As the court noted in *Sipe v. McKenna*, 88 Cal.App.2d 1001, 1006 (1948): "[a] party may not without payment of the debt, enjoin a sale by a trustee under a power conferred by a deed of trust, or have his title quieted against the purchaser at such a sale, even though the statute of limitations has run against the indebtedness." Here the plaintiffs make no claim that they have ever tendered in the past or even that they intend to do so in the future. The

complaint does contain a passage the sole purpose of which is to avoid the tender requirement. (Comp. ¶ 33). The substance of plaintiffs' argument is that the tender rule should not apply because the sale has not occurred simply misstates the law as reflected by the case cited above. As to the contention that a tender is not required because of the claim made under Civil Code § 2923.5, that is unavailing because for the reasons set out above and because the statue is preempted by HOLA.

**5. <u>PLAINTIFFS ALLEGE NO FACTS REFLECTING SLANDER OF TITLE</u>**

Disparagement of title requires, inter alia, publication of some false statement. *Truck Ins. Exch. v. Bennett*, 53 Cal. App. 4th 75, 84 (1997). Plaintiffs claim without explanation that the Substitution of Trustee has rendered their property unmarketable. (Comp. ¶ 67-72) On its face the claim is nonsense, all the substitution does is replace one trustee under and existing deed of trust with another. In this case Golden West Savings Association Service Company is to be replaced with NDEX. This is not a false statement and in no way disparages plaintiffs' title to the Property. The plaintiff consented to just such an action when they entered into the loan. (RJN, Ex B at p. 12 section 27).

**6. <u>PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER CIVIL CODE § 2923.5</u>**

**A. <u>No Facts Are Alleged Which Constitute a Violation</u>**

The claim is that Wells Fargo violated the statue because it did not make a good faith attempt to contact plaintiffs before recording the Notice of Default. (Comp. ¶¶ 78 and 79). The pleading further alleges that the declaration of compliance contains merely boiler plate language certifying compliance. (Comp. ¶ 79) The first problem is that the certification of compliance which is attached as Ex. H to the RJN does not purport to recite compliance by contact or efforts to contact the plaintiffs, but rather attests that the contact/due diligence requirements of the statue do not apply because plaintiffs have agreed to surrender the property. Civil Code § 2923.5(h)(1) That is not challenged by anything in the complaint. Because the contact/due diligence requirements of Civil Code § 2923.5 do not apply here the claim fails.

Even assuming that plaintiffs intended to dispute the declaration of compliance attached to the Notice of Default, courts have held that a mere conclusory allegation of non-compliance

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

with section 2923.5 is insufficient to state a claim where a motion to dismiss has been supported by a recorded declaration of compliance. See, *Kamp v. Aurora Loan Servs.*, No. CV 09-00844, 2009 U.S. Dist. LEXIS 95245, 2009 WL 3177636 *2 (C.D.Cal. Oct. 1, 2009) [*13] ("Moreover, the Kamps' claim fails because their conclusory assertions are contradicted by the notice of default attached as Exhibit A, which includes the declaration required by *§ 2923.5*."); *Juarez v. Wells Fargo Bank, N.A.*, No. CV 09-3104, 2009 U.S. Dist. LEXIS 110892, 2009 WL 3806325 *2 (C.D.Cal Nov. 11, 2009) (dismissing *§ 2923.5* claim with prejudice where declaration was included with the notice of default stating compliance with code section). The declaration of James Loney on behalf of Wells Fargo attesting that plaintiffs had abandoned the Property is attached to the Notice of Default which is Exhibit H of the RJN.

Further, it appears that another exception to the statue's pre-foreclosure conditions applies because plaintiff Michael Capodiece is in bankruptcy. (RJN Ex. I), Civil Code 2923.5(h)(3) This exception to the pre-notice provisions of the statute also renders the claim invalid.

The fifth cause of action is also improper because the claim itself seeks only damages. (Comp. ¶¶ 80-81) The extent of a private right of action under this section is limited to obtaining a postponement of an impending foreclosure in order to permit the lender to comply with the statute. *Mabry v Superior Court*, 185 Cal. App. 4th 208, 221 (2010)

**B. <u>Plaintiffs' Claims Pursuant to Civil Code § 2923.5 Are Preempted</u>**

Plaintiffs obtained their home loan from World Savings in 2005. (RJN, Exh. A.) World Savings, which was renamed Wachovia Mortgage, FSB and is now known as Wachovia Mortgage, a division of Wells Fargo Bank, N.A., was a federal savings bank regulated by the Office of Thrift Supervision ("OTS"). (RJN, Exs. F-J.) As such, Wachovia Mortgage was organized and operated under the federal *Home Owners' Loan Act* ("HOLA") at the time of origination of the subject loan. 12 U.S.C. § 1461, *et seq*. Where a national association (Wells Fargo Bank, N.A.) is the successor-in-interest to the loan of a federal savings bank (World Savings Bank, FSB), it is proper to apply HOLA preemption. *Zlotnik v U.S. Bancorp, et al.*, 2009 U.S. Dist. LEXIS 119857, at **17-26 (N.D. Cal. Dec. 22, 2009) (noting similar outcome

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

under either National Bank Act or HOLA due to substantial similarity of preemption regulations); *DeLeon v. Wells Fargo Bank, N.A.*, 729 F. Supp. 2d 1119, 1126 (N.D. Cal. 2010).

Through its regulatory authority, the OTS "occupies the entire field of lending regulation for federal savings associations." 12 *C.F.R.* § 560.2. OTS regulations issued pursuant to HOLA are "intended to preempt all state laws purporting to regulate any aspect of the lending operations of a federally chartered savings association, whether or not OTS has adopted a regulation governing the precise subpart of the state provision." *Lopez v. World Savings & Loan Ass'n*, 105 Cal. App. 4th 729, 738 (2003); *see* 12 *C.F.R.* § 545.2. Preemption analysis under HOLA is straightforward and simple, as the OTS Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996) instructs. Step one involves determining whether the type of state law at issue appears on the list set forth in 12 *C.F.R.* § 560.2(b), which lists the types of state laws that HOLA preempts. If the type of state law in question appears on the list, the analysis ends there and the law is preempted. There is no step two. As the Ninth Circuit observed in *Silvas v. E*Trade Mortg. Corp*, 514 F.3d 1001, 1004-05 (9th Cir. 2008), the OTS's construction of its own regulation 560.2 "must be given controlling weight." The Court went on to declare that any presumption against preemption of state law does not apply to HOLA.

Among the regulations that are so "pervasive as to leave no room for state regulatory control" is OTS regulation 560.2(b)(10). This regulation preempts state laws that would impose requirements on federal savings banks regarding: **Processing, origination, servicing**, **sale** or purchase of, or investment or participation in, **mortgages**; . . . 12 C.F.R. § 560.2(b)(10) (emphases added).

District Courts have found *Civil Code* § 2923.5 to be preempted as purporting to regulate a lender's processing or serving activities, both before and after *Mabry v. Superior Court*, 185 Cal. App. 4th 208 (2010). One of the numerous pre-Mabry decisions was *Murillo v. Aurora Loan Servs., LLC*, 2009 U.S. Dist. LEXIS 61791 (N.D. Cal. July 17, 2009), where the court dismissed a § 2923.5 claim, with prejudice, that alleged "Defendants failed to properly file a declaration with their notice of default." The district court held that "[a]s applied, Plaintiffs' § 2923.5 claim concerns the processing and servicing of Plaintiffs' mortgage. As such, the Court

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

finds that Plaintiffs' § 2923.5 claim is preempted under HOLA." *Murillo*, 2009 U.S. Dist. LEXIS 61791, at *11.

Several district courts have recently relied on *Murillo*. In *Odinma v. Aurora Loan Servs.*, 2010 U.S. Dist. LEXIS 28347 (N.D. Cal. Mar. 23, 2010), the plaintiffs alleged that their lender violated *Civil Code* § 2923.5 by failing to provide proper notices before initiating the foreclosure process. The court held that a § 2923.5 claim "concerns the processing and servicing of Plaintiff's mortgage and is therefore preempted by HOLA." *Odinma*, 2010 U.S. Dist. LEXIS 28347, at *23.

In *Phat Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022 (N.D. Cal. 2010), the court relied in part on *Murillo* to find Section 2923.5 to be preempted even after *Mabry*. *Id.* at 1032-33 (listing the federal district court decisions concluding that Section 2923.5 is preempted because the state law deals with contacting the borrower and requires a specific declaration in the Notice of Default such that it falls squarely within the scope of HOLA's Section 560.2(b)(10)).

Recently, the court in *Giordano v. Wachovia Mortg., FSB*, 2010 WL 5148428, at *13 (N.D. Cal. Dec. 14, 2010), held that claims based on, *inter alia*, Wachovia's alleged violation of *Civil Code* § 2923.5 were preempted under HOLA, noting that "even assuming the limited construction of § 2923.5 proffered by *Mabry*, a state statute that imposes additional disclosure and communications obligations upon a lender prior to commencement of foreclosure proceedings is not 'incidental' to lending…." *See also*, *Taguinod v. World Savings Bank*, 2010 U.S. Dist. LEXIS 127677, at **19-20 (C.D. Cal. 2010) (holding 2923.5 to be preempted by HOLA despite *Mabry*).

### 7. PLAINTIFFS HAVE ALLEGED NO FACTS WHICH JUSTIFY THE CANCELLATION OF ANY INSTRUMENT

Cancellation of instruments is an equitable claim whereby a court can declare an instrument void when there is a reasonable apprehension that, if left outstanding, it will cause serious injury to a person against whom it is void or voidable. Cal. Civ. Code § 3412. To state a claim, plaintiff must allege: (1) reasonable apprehension that the instrument left standing might

cause serious injury to the plaintiff; (2) instrument is valid on its face; (3) instrument is void or voidable; (4) instrument was in existence or under defendant's possession and control when the action was filed; and (5) if the interest is voidable rather than void, that plaintiff acted promptly to rescind. Cal. Civ. Code §§ 3412, 3413; *Hironymous v. Hiatt*, 52 Cal. App. 727,731 (1921). An instrument may be void or voidable based on mental incapacity, minority, illegality, fraud, undue influence, duress, mistake, abuse of a confidential relationship, nondelivery of deed, and forgery. Cal. Civ. Code §§ 40, 1569, 1575. A plaintiff must specifically allege the grounds on which the instrument is void or voidable. *Hironymous*, 52 Cal. App. at 731; *Stevenson v. Baum*, 65 Cal. App. 4th 159, 164 (1998).

In this case, the plaintiffs' claim is that the signature on the Substitution of Trustee is a forgery and that the person whose name has been forged was not authorized to sign it. These somewhat contradictory claims have been addressed in the preceding points. Simply put there is nothing in this complaint which justifies the cancellation of the Substitution or of any other document of record.

## 8. CONCLUSION

For all the foregoing reasons, defendant respectfully requests that the motion to dismiss be granted.

Respectfully submitted,

Dated: January 10, 2013

ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By: /s/ Tim G. Ceperley
Tim G. Ceperley
tceperley@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, National Association an FDIC insured corporation")

**CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

on the interested parties in said case as follows:

***Served By Means Other than Electronically Via the Court's CM/ECF System:***

*Attorneys for Plaintiffs:*

Emmanuel F. Fobi, Esq.
Law Offices of Emmanuel F. Fobi
309 South "A" Street
Oxnard, CA 93030
Tel: 805.240.2655; Fax: 805.483.1536

☒ **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made. This declaration is executed in Pasadena, California on **January 10, 2013.**

| Leslie Coumans | */s/ Leslie Coumans* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |